**EXHIBIT A**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TESLA MOTORS, INC; and DOES 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MELVIN O'NEIL WALLACE

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
09/20/2024
Chad Finke, Executive Officer / Clerk of the Court
By: _____ D. Franklin _____ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Superior Court of California
*(El nombre y dirección de la corte es):*
County of Alameda
Hayward Hall of Justice
24405 Amador Street, Hayward, CA 94544

**CASE NUMBER:**
*(Número del Caso):*
24CV092531

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel Ginzburg, 327338                 (818) 914-3433
Frontier Law Center, 23901 Calabasas Road, Suite 1084, Calabasas, CA 91302

DATE: 09/20/2024      Clerk, by    D. Franklin    , Deputy
*(Fecha)*   Chad Finke, Executive Officer / Clerk of the Court   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* TESLA MOTORS, INC
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
09/20/2024 at 03:32:35 PM
By: Damaree Franklin,
Deputy Clerk

Manny Starr (319778)
manny@frontierlawcenter.com
Daniel Ginzburg (327338)
dan@frontierlawcenter.com
**FRONTIER LAW CENTER**
23901 Calabasas Road, Suite 1084
Calabasas, CA 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

Attorneys for Plaintiff
MELVIN O'NEIL WALLACE

## IN THE SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| MELVIN O'NEIL WALLACE,<br><br>Plaintiff(s),<br><br>v.<br><br>TESLA MOTORS, INC; and DOES 1 through 100,<br><br>Defendant(s). | Case No. 24CV092531<br><br>**COMPLAINT**<br><br>1. Meal Break Violations<br>2. Rest Break Violations<br>3. Failure to Pay All Hours Worked<br>4. Failure to Pay Overtime<br>5. Wage Statement Violations<br>6. Waiting Time Penalties<br>7. Unfair Competition |

### RELEVANT PARTIES

1. Plaintiff MELVIN O'NEIL WALLACE ("Plaintiff") is an adult resident of Sacramento County, California, and was at all times relevant residing in Sacramento County, California.

2. Defendant TESLA MOTORS, INC ("Defendant") is a Delaware Corporation with its principal place of business located in Austin, Texas Defendant is registered to and does conduct business in the State of California and is subject to the laws of the State of California. All acts and omissions of Defendant employees as alleged herein occurred while they were acting within the course and scope of their employment.

3. Plaintiff is unaware of the true names or capacities of the Defendants sued herein as DOES 1 through 100, inclusive ("Doe Defendants"), and therefore sues said Doe Defendants by such

1
COMPLAINT

1 fictitious names. Plaintiff will seek leave of this Court to amend this Complaint to insert the true
2 names and capacities of such Doe Defendants when such information has been obtained. Plaintiff is
3 informed and believes, and based on such information and belief alleges, that each of the fictitiously
4 named Doe Defendants has participated in some way in the wrongful acts and omissions alleged
5 below and is liable to Plaintiff for damages and other relief to which Plaintiff is entitled. Defendant
6 and Doe Defendants are collectively referred to as "Defendants".

**JURISDICTION AND VENUE**

4. This action is properly filed in Alameda County because the acts and omissions that give rise to Plaintiff's claims took place in Alameda County, and Defendants transact substantial business in this County.

5. This Court has jurisdiction over Defendants because Defendants' unlawful conduct as alleged herein occurred in Alameda County, California and Plaintiff suffered damages from such conduct within Alameda County, California.

**FACTUAL ALLEGATIONS**

6. At all times relevant, Plaintiff was Defendants' employee.

7. Plaintiff was employed by Defendants around August 2020 until February 12, 2024.

8. Defendants failed to provide Plaintiff with compliant meal breaks because Plaintiff would not be permitted to take a meal break. On instances when Plaintiff did attempt to take a meal break, he would be interrupted by being called to return to work. Despite not being provided with compliant meal breaks, Defendant did not pay premium pay for these missed breaks at Plaintiff's regular rate of pay.

9. Defendant failed to provide Plaintiff with compliant rest breaks because Plaintiff would not be permitted to take a rest break. When Plaintiff attempted to take a rest break, he would often be interrupted by being required to return to work. Despite not being provided with compliant rest breaks, Defendant did not pay premium pay for these missed breaks at Plaintiff's regular rate of pay.

10. Defendants failed to pay Plaintiff for all hours worked because Plaintiff would be required to work off the clock. Plaintiff was required to log meal breaks despite being required to work

during the time. Plaintiff was required to remain on call at all times. Further, Plaintiff was required to go through security check before clocking in for work in a separate station.

11. Defendants failed to pay Plaintiff all overtime owed because Plaintiff regularly worked in excess of eight hours in a day and forty hours in a workweek. Plaintiff was required to perform work off the clock. Hours worked off the clock are in excess of eight hours.

12. Defendants failed to correctly calculate Plaintiff's regular rate of pay, and as a result, underpaid Plaintiff's overtime pay and premium pay. Specifically, Defendants did not include all non-discretionary pay that Plaintiff earned when calculating Plaintiff's regular rate of pay.

13. Defendants failed to provide Plaintiff with accurate wage statements because the wage statements issued to Plaintiff did not accurately list total wages owed and hours worked, among other things.

14. Due to Defendants' failure to pay all wages due to Plaintiff during their employment, it follows that Defendant failed to pay all wages due at the conclusion of Plaintiff's employment as well. Therefore, Defendants are liable to Plaintiff for waiting time penalties.

## FIRST CAUSE OF ACTION

### Failure to Provide Compliant Meal Periods

### By Plaintiff Against All Defendants

15. Plaintiff incorporates by reference the paragraphs above.

16. Labor Code section 512 and the Wage Orders provide that "an employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" or "for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes".

17. An employer provides compliant meal breaks to its employees "if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break." (*Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004, 1040 (2012)).

///

///

3
COMPLAINT

18. Not only must an employer affirmatively relieve its employees of all duty during their meal breaks, it also must not "impede or discourage" its employees from taking compliant meal breaks. (*Brinker*, supra).

19. Defendants failed to provide Plaintiff with compliant meal breaks as alleged herein.

20. Specifically, Defendants required Plaintiff to always remain on call. Plaintiff was denied meal breaks. Plaintiff would often be interrupted while taking a meal break and required to return to work.

21. For each day that Defendants failed to provide Plaintiff with a compliant meal break, Defendants were required to remit premium pay pursuant to Labor Code section 226.7(c), which is one additional hour of pay at Plaintiff's regular rate of pay. (*Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858 (2021)).

22. Defendants failed to pay premium pay at Plaintiff's regular rate of pay for each day a meal break was missed.

23. Plaintiff is therefore entitled to recover premium pay for missed meal breaks, interest, penalties, attorney fees, and costs.

## SECOND CAUSE OF ACTION

### Failure to Provide Compliant Rest Periods

### By Plaintiff Against All Defendants

24. Plaintiff incorporates by reference the paragraphs above.

25. Labor Code section 226.7 and the Wage Orders requires employers to authorize and permit its employees to take rest periods based on the total hours worked daily at the rate of 10 minutes net per four hours or major fraction thereof.

26. Furthermore, "[d]uring rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time." (*Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 269 (2016)).

27. Defendants failed to provide Plaintiff with compliant rest breaks as alleged herein.

28. Specifically, Defendants required Plaintiff to always remain on call. Plaintiff was denied rest breaks. Plaintiff would often be interrupted while taking a rest break and required to return to work.

4
COMPLAINT

29. For each day that Defendants failed to provide Plaintiff with a compliant rest break, Defendants were required to remit premium pay pursuant to Labor Code section 226.7(c), which is one additional hour of pay at Plaintiff's regular rate of pay. (*Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858 (2021)).

30. Defendants failed to pay premium pay at Plaintiff's regular rate of pay for each day a rest break was missed.

31. Plaintiff is therefore entitled to recover premium pay for missed rest breaks, interest, penalties, attorney fees, and costs.

### THIRD CAUSE OF ACTION

**Failure to Pay for All Hours Worked**

**By Plaintiff Against All Defendants**

32. Plaintiff incorporates by reference the paragraphs above.

33. Labor Code sections 558 and 1194 and the Wage Orders require an employer to pay employees minimum wages for all hours worked fewer than eight hours in a day and/or fewer than 40 hours in a workweek.

34. Defendants failed to pay Plaintiff for all hours worked as alleged herein.

35. Specifically, Plaintiff would be required to work off the clock.

36. Plaintiff would clock off to reflect having taken a meal break when none in fact was taken.

37. Plaintiff is therefore entitled to recover all unpaid wages, liquidated damages, interest, penalties, attorney fees, and costs.

### FOURTH CAUSE OF ACTION

**Failure to Pay All Overtime Owed**

**By Plaintiff Against All Defendants**

38. Plaintiff incorporates by reference the paragraphs above.

39. Labor Code section 510 provides that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

40. Defendants failed to pay Plaintiff all overtime wages owed as alleged herein.

41. Specifically, Plaintiff would be required to work off the clock.

42. Plaintiff would clock off to reflect having taken a meal break when none in fact was taken. Hours worked during this time are in excess of eight hours in a work day.

43. Plaintiff is therefore entitled to recover all unpaid overtime wages, liquidated damages, interest, penalties, attorney fees, and costs.

## FIFTH CAUSE OF ACTION

### Wage Statement Penalties

### By Plaintiff Against All Defendants

44. Plaintiff incorporates by reference the paragraphs above.

45. Labor Code section 226(a) requires employers to provide itemized wage statements to its employees that identify accurate information regarding their compensation. Defendants, as a matter of policy and practice, failed in its affirmative obligation to provide accurate itemized wage statements to Plaintiff in violation of Labor Code section 226(a).

46. As alleged herein, the wage statements that Defendants issued to Plaintiff were inaccurate and incomplete.

47. Defendants knowingly and intentionally issued wage statements that were inaccurate and incomplete, and the issuance of inaccurate and incomplete wage statements caused injury to Plaintiff in that Plaintiff was unable to accurately verify and/or calculate their wages.

48. Plaintiff is therefore entitled to the recovery of wage statement penalties, attorney fees, and costs.

## SIXTH CAUSE OF ACTION

### Waiting Time Penalties

### By Plaintiff Against All Defendants

49. Plaintiff incorporates by reference the paragraphs above.

50. Labor Code sections 201 and 202 require that an employer provide an employee with all wages due and payable either: (a) immediately upon termination, or (b) within 3 days of the employee's resignation.

51. Labor Code section 203 provides that if an employer willfully fails to pay wages owed in accordance with Labor Code sections 201 or 202, then the wages of the employee continue as a penalty from the due date at the same rate until paid or until an action is commenced, not to exceed thirty days.

52. As alleged herein, Defendants willfully did not pay Plaintiff all wages owed at the conclusion of employment.

53. Plaintiff is therefore entitled to the recovery of waiting time penalties, interest, attorney fees, and costs.

## SEVENTH CAUSE OF ACTION

### Violation of Unfair Competition Law

### By Plaintiff Against All Defendants

54. Plaintiff incorporates by reference the paragraphs above.

55. Defendants' conduct described herein constitutes unfair competition.

56. Specifically, Defendants have gained an unfair advantage over other similarly situated businesses by unlawfully reducing their overhead costs by not paying their employees what they are owed.

57. Pursuant to Business and Professions Code 17203, Plaintiff is entitled to restitution of all wrongfully withheld wages.

58. Plaintiff may recover attorney fees pursuant to Code of Civil Procedure section 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

First Cause of Action

1. Damages and/or penalties pursuant to Labor Code section 226.7
2. Interest
3. Attorneys' fees
4. Costs
5. Other relief the court deems proper

///

Second Cause of Action

1. Damages and/or penalties pursuant to Labor Code section 226.7
2. Interest
3. Attorneys' fees
4. Costs
5. Other relief the court deems proper

Third Cause of Action

1. Damages and/or penalties pursuant to Labor Code sections 558, 1194, 1197, and 1197.1
2. Liquidated damages
3. Interest
4. Attorneys' fees
5. Costs
6. Other relief the court deems proper

Fourth Cause of Action

1. Damages and/or penalties pursuant to Labor Code sections 510, 558, and 1194
2. Interest
3. Attorneys' fees
4. Costs
5. Other relief the court deems proper

Fifth Cause of Action

1. Penalties pursuant to Labor Code section 226
2. Attorneys' fees
3. Costs
4. Other relief the court deems proper

Sixth Cause of Action

1. Penalties pursuant to Labor Code section 203
2. Attorneys' fees
3. Costs

4.    Other relief the court deems proper

<u>Seventh Cause of Action</u>

1.    Restitution of all wrongfully withheld wages

2.    Attorneys' fees

3.    Costs

4.    Other relief the court deems proper

DATED: September 20, 2024               FRONTIER LAW CENTER

*/s/ Daniel Ginzburg*
Daniel Ginzburg

Attorneys for Plaintiff
MELVIN O'NEIL WALLACE

9
**COMPLAINT**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Daniel Ginzburg, 327338<br>23901 Calabasas Road, Suite 1084<br>Calabasas, CA 91302 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (818) 914-3433   FAX NO.: (818) 914-3433<br>EMAIL ADDRESS: dan@frontierlawcenter.com<br>ATTORNEY FOR *(Name):* Melvin O'Neil Wallace | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>09/20/2024 at 03:32:35 PM<br>By: Damaree Franklin,<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME:
Wallace vs. Tesla Motors, Inc

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount demanded exceeds $35,000)   (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24CV092531<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 7
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 20, 2024

Daniel Ginzburg                                                       ▶ /s/ Daniel Ginzburg
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
   Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic
   relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>09/20/2024<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>D. Franklin |
| PLAINTIFF(S):<br>Melvin O'Neil Wallace | |
| DEFENDANT(S):<br>Tesla Motors, Inc. | |
| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>24CV092531 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| ASSIGNED JUDGE: | Joscelyn Jones |
| DEPARTMENT: | 19 |
| LOCATION: | Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 |
| PHONE NUMBER: | (510) 267-6935 |
| FAX NUMBER: | |
| EMAIL ADDRESS: | Dept.19@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**ASSIGNED FOR ALL PURPOSES TO**
**JUDGE** Joscelyn Jones
**DEPARTMENT** 19

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days." The court's website contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

D. Franklin, Deputy Clerk

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>09/20/2024<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>D. Franklin |
| PLAINTIFF:<br>Melvin O'Neil Wallace | |
| DEFENDANT:<br>Tesla Motors, Inc. | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>24CV092531 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 03/18/2025    Time: 3:00 PM    Dept.: 19
> Location: Rene C. Davidson Courthouse
> Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>09/20/2024<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>D. Franklin |
| PLAINTIFF/PETITIONER:<br>Melvin O'Neil Wallace | |
| DEFENDANT/RESPONDENT:<br>Tesla Motors, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24CV092531 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Daniel Vasil Ginzburg
Frontier Law Center
23901 Calabasas Rd Ste 1084
Calabasas, CA 91302

Chad Finke, Executive Officer / Clerk of the Court

Dated: 09/23/2024        By:

D. Franklin, Deputy Clerk

**CERTIFICATE OF MAILING**



**CT Corporation**
**Service of Process Notification**
10/03/2024
CT Log Number 547465862

## Service of Process Transmittal Summary

**TO:** LEGAL DEPARTMENT - SOP
TESLA, INC.
3000 HANOVER ST
PALO ALTO, CA 94304-1112

**RE:** **Process Served in California**

**FOR:** Tesla Motors, Inc.  (Former Name)  (Domestic State: DE)
Tesla, Inc. (True Name)
According to our records representation services for this entity have been discontinued in this jurisdiction.

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MELVIN O'NEIL WALLACE // To: Tesla, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Civil Case Cover Sheet, Notice(s), Certificate, Attachment(s) |
| **COURT/AGENCY:** | Alameda County - Superior Court, CA<br>Case # 24CV092531 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 10/03/2024 at 12:16 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Daniel Ginzburg<br>FRONTIER LAW CENTER<br>23901 Calabasas Road, Suite 1084<br>Calabasas, CA 91302<br>818-914-3433 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/03/2024, Expected Purge Date: 10/08/2024<br><br>Image SOP<br><br>Email Notification,  LEGAL DEPARTMENT - SOP  legalsop@tesla.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the



**CT Corporation**
**Service of Process Notification**
10/03/2024
CT Log Number 547465862

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| Date: | Thu, Oct 3, 2024 |
| Server Name: | RIGOBERTO TELLEZ |

| | |
|---|---|
| Entity Served | TESLA MOTORS INC |
| Case Number | 24CV092531 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |

